# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Doron H. Brown,                                      ) | |
|                                              ) | Civil Action No.: 6:19-cv-02856-JMC |
|                  Plaintiff,         ) | |
|                                              ) | |
| v.                                                               ) | **ORDER AND OPINION** |
|                                              ) | |
| Chuck Wright, *in his individual capacity*     ) | |
| *and official capacity as Sheriff*, and Allen    ) | |
| Freeman, *in his individual capacity and his*  ) | |
| *official capacity as a Major of the*              ) | |
| *Spartanburg County Detention Center*,       ) | |
|                                              ) | |
|                 Defendants.    ) | |

Plaintiff Doron H. Brown, a pretrial detainee who is proceeding *pro se*,[1] brought this action against the above-captioned Defendants under 42 U.S.C. § 1983. (*See* ECF No. 1.) This matter is before the court upon review of the Report and Recommendation issued by the Magistrate Judge on January 31, 2020 ("Report"). (ECF No. 28.) The Report recommended the court dismiss this case because Plaintiff "failed to state a claim upon which relief may be granted," even after having the opportunity to bring the case into proper form and amend the Complaint. (*Id.* at 1-2.) No party has objected to the Report. For the reasons set forth below, the court **ACCEPTS** the Report and adopts its findings herein (ECF No. 28) and **DISMISSES** the instant case.

---

[1] "Because he is a *pro se* litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Plaintiff claims Defendants "are violating his constitutional rights" because he is "permanently housed with three other inmates and . . . has to sleep on a mattress on the floor."[2] (*Id.* at 2.) He also purportedly "sleeps partially under the sink and hits his head sometimes," and claims "he has been exposed to mold because the sink leaks."[3] (*Id.*)

The Magistrate Judge issued the Report in January 2020, suggesting this case be dismissed because Plaintiff failed to state a claim for which relief may be granted. (*Id.* at 7-8.) The Magistrate Judge began by reviewing Plaintiff's conditions of confinement claims, explaining he must "show that he was deprived of a basic human need and that prison officials were deliberately indifferent to that deprivation." (*Id.* at 4 (citing *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)).) Yet even liberally construed, the Magistrate Judge concluded a leaky sink with some mold did not meet the high bar of violating a constitutional right. (ECF No. 28 at 4.) For support, the Magistrate Judge pointed to another case that "reject[ed a] conditions of confinement claim where the plaintiff claimed 'his mattress and blanket were confiscated for six days, he was not allowed to have any toilet tissue for six days, his clothes were taken away from him for six days, his cell was cold, he had no running water in his cell, and he was forced to sleep on a steel cot for six days.'" (*Id.* (citing *Thompson v. Brown*, C/A No. 3:11-cv-0318-TMC-JRM, 2011 WL 6012592, at *1-2 (D.S.C. Nov. 8, 2011)).)

Likewise, the Magistrate Judge emphasized that "triple-celling of inmates is not per se unconstitutional." (ECF No. 28 at 5 (citing *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)).) And "although . . . [P]laintiff asserts that he has hit his head because he is sleeping under the sink,"

---

[2] The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation.

[3] The Magistrate Judge notes that Plaintiff raised his allegation concerning mold for the first time in the Amended Complaint. (ECF No. 28 at 2.)

2

the Magistrate Judge continued, Plaintiff's "vague and conclusory allegations that his cell conditions are unsanitary and dangerous remain insufficient to state a claim for relief." (ECF No. 28 at 5.) Lastly, the Magistrate Judge observed the Amended Complaint "contains no factual allegations establishing that . . . [D]efendants acted with a sufficiently culpable state of mind" to support his claims. (*Id.* at 4, 5.)

The Magistrate Judge then moved to Plaintiff's supervisory claims (to the extent they were brought), finding the Amended Complaint "contains no factual or personal allegations of wrongdoing" to support such claims. (*Id.* at 6-7.) In particular, the Magistrate Judge explained

> to allege a plausible claim requires a showing that the supervisor (1) had actual or constructive knowledge that his/her subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) the supervisor's response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) an affirmative causal link between the inaction by the supervisor and the particular constitutional injury suffered by the plaintiff.

(ECF No. 28 at 6 (citing *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013)).) The Magistrate Judge asserted that Plaintiff's allegations in essence failed to meet any of the above elements. (ECF No. 28 at 6-7.) Likewise, the Magistrate Judge concluded Plaintiff "abandoned his conditions of confinement claim with respect to his out of cell recreation time, his First Amendment claim relating to the postcard-only policy at the Detention Center, and his denial of access to the courts claim." (*Id.* at 7.)

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Id.* The court reviews *de novo* only those portions of the

Report and Recommendation to which specific objections are filed. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Yet when no party offers timely, specific objections, the court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record . . . to accept the recommendation." *Id.* at 315 (quoting FED. R. CIV. P. 72 advisory committee's note); *see Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating the court is not required to explain the Report's adoption if no party offers specific objections). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Here, no party has objected to the Report and the court discerns no clear error on the face of the record. The court has carefully examined the findings within the Report and concludes this case shall be dismissed for the reasons delineated in the Report. Thus, as discussed, the court **ACCEPTS** the Report and adopts the findings herein (ECF No. 28) and **DISMISSES** this case. **IT IS SO ORDERED**.

United States District Judge

April 26, 2021
Columbia, South Carolina